OSTAP R. LYSYJ AND EVA LYSYJ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lysyj v. Commissioner
Docket No. 11146-77.
United States Tax Court
T.C. Memo 1980-48; 1980 Tax Ct. Memo LEXIS 541; 39 T.C.M. (CCH) 1082; T.C.M. (RIA) 80048; February 26, 1980, Filed Jerry L. Hayes, for the petitioner. Kristine A. Roth and Buckley D. Sowards, for the respondent. GOFFE
MEMORANDM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined additions to the petitioners' Federal income tax liabilities as follows: Additions to Tax
Taxable Year
[1] Sec. 6651(a)(1) [2] Sec. 6653(a) 1971
$ 639.46
$ 285.98
1972
0
28.93
1973
3,364.25
774.41
$4,003.71
$1,089.32
*542 Petitioners have conceded that they are liable for the section 6651(a)(1) additions to their 1971 and 1973 Federal income tax liabilities. Thus, the only issue left for our decision is whether the petitioners' underpayments of Federal income taxes for 1971, 1972, and/or 1973 were due to negligence or intentional disregard of rules and regulations. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time the petition herein was filed, petitioners resided in Ravenna, Ohio. Petitioner Eva Lysyj is a party herein only because she filed joint Federal income tax returns with petitioner Ostap R. Lysyj (hereinafter "Lysyj"). Petitioners, calendar-year taxpayer, filed joint Federal income tax returns for taxable years 1971, 1972, and 1973 with the Internal Revenue Service Center at Cincinnati, Ohio. The 1971 and 1972 returns were received at the Service Center on July 22, 1975; the 1973 return was received at the Service Center on July 21, 1975. The petitioners' signatures on the 1971 return were dated June 27, 1975; their signatures on the 1972 and 1973 returns were dated July 15, 1975. *543 The returns here mentioned were prepared, at Lysyj's request, by Mr. Ray L. Garland, a registered public accountant who did accounting work for Lysyj during the years 1962 through 1975. All of the information used by Mr. Garland in preparing the returns was provided by Lysyj, and Mr. Garland did not verify the accuracy of such information. In their 1971 return, petitioners reported long-term capital gain in the amount of $18,197.31 from the sale of a trailer park and some mobile homes. They also reported a long-term capital gain in the amount of $6,750 from the sale of an interest in some farm property. In their 1972 return, petitioners reported a long-term capital gain in the amount of $3,260.40 from the sale of timber. Lysyj, in 1973, owned as a sole proprietor a photographic supplies business known as Campus Camera. In their 1973 return, petitioners claimed that Lysyj's business had an ending inventory of zero and a cost of goods sold of $69,193.93. They did not report any income or losses resulting from the sale of any stock. Lysyj reviewed each of the returns (1971, 1972, and 1973) prior to signing them. Errors in the returns as filed were discovered upon audit. *544 The Commissioner proposed, and petitioners agreed to, the following changes in petitioners' taxable income: 1971 - Increasing the amount of taxable gain on the sale of the trailer park by $8,644.65; 1972 - Increasing the amount of the taxable gain on the sale of timber by $684.90; 1973 - Increasing the ending inventory, and thus increasing taxable income, by $44,280; and 1973 - Increasing taxable income by $8,909.85 which amount is attributable to an unreported gain on the sale of stock. Petitioners did not contest the determination that additional income taxes attributable to the above-listed adjustments to their taxable income were owing. Such taxes were separately assessed and collected. Having collected the income tax deficiencies attributable to taxable years 1971, 1972, and 1973, the Commissioner then determined deficiencies for additions to tax under section 6651(a)(1) (delinquency penalty) and section 6653(a) (negligence penalty) and he timely sent petitioners a statutory notice of such deficiencies. Petitioners conceded their liability for the section 6651(a)(1) delinquency penalties at trial. OPINION Petitioners delinquently filed Federal income tax returns *545 for taxable years 1971, 1972, and 1973, all of which understated the petitioners' correct Federal income tax liabilities. Upon audit, the Commissioner proposed adjustments to petitioners' taxable income for each of the three taxable years, which adjustments resulted in increased Federal income tax liabilities for each of the three years. Petitioners acquiesced in the proposals and paid the additional income taxes. The Commissioner then determined additions to petitioners' tax under sections 6651(a)(1) and 6653(a) for each of those three taxable years. Petitioners have conceded their liability for the delinquency penalties determined under section 6651(a)(1), but deny that their admitted under-payments of Federal income taxes were due to negligence or an intentional disregard of rules and regulations and contend, therefore, that they are not liable for the section 6653(a) negligence penalties. Section 6653(a) provides that if any part of any underpayment of tax is due to negligence or intentional disregard of rules and regulations, an addition to tax in the amount of 5 percent of the underpayment will be imposed. Respondent's determination of the negligence penalty is presumptively *546 correct and petitioners have the burden of proving such determination to be erroneous. . Petitioners initially seek to shed this burden of proof by arguing that respondent failed to specify the acts upon which he bases the determination of the negligence penalty and that such failure results in a loss by respondent of the presumption in favor of his negligence penalty determination. Petitioners cite , modified on other issues in an unreported opinion (5th Cir., Sept. 18, 1958, USTC para. 9847), in support of this argument. We agree with petitioners that respondent gave little indication of exactly what he considered to be negligent about the preparation of petitioners' returns. However, , involved a situation where the negligence penalty was first mentioned in respondent's pleadings, was not mentioned by respondent at trial, and was not discussed in respondent's brief. Such a scenario is readily distinguished from the instant case, where respondent determined (albeit without *547 explanation) the addition to tax in his statutory notice of deficiency, asserted the position during trial, and argued the issue on brief. [3] We have been cited to no cases which would direct us to relieve petitioners of their burden of proof in this factual situation; nor are we convinced that it would be proper to do so.Therefore, respondent's determination will retain its favorable presumption. Petitioners seek to avoid liability for the negligence penalty by arguing that the income-increasing adjustments made to their joint tax returns were "technical". However, they do not attempt to explain what the technicalities were that led to their erroneous reporting on the three returns here at issue. Moreover, most, if not all, of the underpayments appear to have been the result of errors in amounts reported, not of faulty characterization. We are convinced that the petitioners' accountant, Mr. Garland, merely used the amounts provided to him by Lysyj in preparing the returns. The state of the law is such that it is extremely difficult, under these facts, for petitioners to absolve themselves of negligence by *548 pleading the "technicality" of the tax law. The law here involved is simple and well-settled.The ultimate responsibility for a correct return lies with the taxpayer. ; . If the taxpayer supplies a competent agent with all of the information needed to complete the return and the agent then advises that an item be returned in a manner that eventually turns out to be erroneous, the taxpayer's good faith reliance on such advice will protect him from the Commissioner's imposition of the section 6653(a) negligence penalty. ; ; . However, where there is no doubt as to the taxability or deductibility of the item involved, reliance on an agent, regardless how competent he may be, is no excuse for negligence in preparing an incorrect return. ; . *549 Petitioners must shoulder the ultimate responsibility for providing sufficient, accurate information to allow the return preparer an opportunity to prepare a correct return. ; ;. Petitioners herein would have us place the blame for their faulty returns on their accountant and thereby absolve themselves of negligence on the grounds that they relied on a competent agent. However, petitioners did not meet their initial obligation of providing accurate information to Mr. Garland. We are convinced that the error in the 1972 return concerning the amount received on the sale of timber and the errors in the 1973 return concerning the ending inventory amount and the sale of stock were attributable to the failure of petitioners to accurately inform Mr. Garland of the correct amounts there relevant. The error in the 1971 return concerning the sale of the trailer park was probably caused by a similar failure, though there are oblique references in the record to a possible easement valuation dispute that may have been at the heart *550 of the erroneous reporting of that transaction. We cannot speculate on the effect that this latter item might have had on our decision inasmuch as it was not adequately explained to us at trial or in petitioners' brief. Therefore, we have no compunction in attributing the 1971 tax return error concerning the amount realized on the sale of the trailer park to petitioners' failure to adequately inform their accountant of the substance of the transaction. Such failure, along with the similar failures concerning the 1972 and 1973 tax returns, lead us to the conclusion that the underpayments of petitioners' income taxes for taxable years 1971, 1972, and 1973 were due to the negligence of petitioners. Therefore, the additions to petitioners' Federal income taxes for taxable years 1971, 1972, and 1973 which were determined by respondent under sections 6651(a)(1) and 6653(a) are sustained. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended. Section 6651(a)(1) imposes a delinquency penalty of 5 percent per month, up to a maximum of 25 percent, on the amount that was required to be shown as tax on the delinquent return. ↩
2. Section 6653(a) imposes a penalty tax of 5 percent of the amount of any underpayment of tax that is due to negligence or intentional disregard of rules and regulations (but without intent to defraud).↩
3. .↩